(No. 5460)

ROBERT F. JERRICK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1971.*
*Petition of Respondent for Rehearing denied October 10, 1972.*

RAYMOND L. MCCLORY, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON ZASLAVSKY, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

In 1958, the claimant, Robert F. Jerrick, was appointed Police Magistrate of the City of Berwyn to fill a vacancy. In 1959, he was elected to that office, and on April 2, 1963, he was reelected.

At the time of his reelection on April 2, 1963, his annual salary was $5,000.00. On March 26, 1963, which was prior to claimant's reelection to a new term of office, the City Council of the City of Berwyn, passed an ordinance raising the annual salary of Police Magistrates, but deferred the effective date of the increase to December 1, 1963. The

ordinance was approved on March 28, 1963, and reads as follows:

"That commencing on the 1st day of December, 1963, and thereafter, the Police Magistrate shall receive and be paid a yearly salary in the sum of Eight Thousand Four Hundred ($8,400.00) Dollars annually, payable in monthly installments of Seven Hundred ($700.00) Dollars each."

On January 1, 1964, a new Judicial Article of the Illinois Constitution of 1870, providing for the reorganization of our Courts, went into effect. The schedule of the said Judicial Article provides in part as follows:

"Paragraph 4: Each supreme court judge, circuit court judge, superior court judge, county judge, probate judge, judge of any city, village or incorporated town court, chief justice and judge of any municipal court, justice of the peace and police magistrate, in office on the effective date of this Article, shall continue to hold office until the expiration of his term, as follows: . . .

"(e) Police magistrates and justices of the peace shall be magistrates of the several circuit courts, and unless otherwise provided by law, shall continue to perform their non-judicial functions for the remainder of their respective terms.

"Paragraph 5: On the effective date of this Article,

"(a) All justice of the peace courts, police magistrate courts, city, village, and incorporated town courts, municipal courts, county courts, probate courts, the Superior Court of Cook County, the Criminal Court of Cook County and the Municipal Court of Chicago, are abolished and all their jurisdiction, judicial functions, powers and duties are transferred to the respective circuit courts, and until otherwise provided, by law, non-judicial functions vested by law in county courts or the judges thereof, are transferred to the circuit courts; . . ."

As a consequence of reorganizing the mentioned courts, the State of Illinois assumed payment of salaries to justices of the peace and police magistrates. It became necessary for the Administrative Office of the Illinois Courts to locate all justices of the peace and police magistrates whose terms had not expired on the effective date of the Judicial Article. Sec. 17 of Article VI of the Constitution provides for the payment of salaries to these hold-over justices of the peace and police magistrates, who became magistrates of the Circuit Court, as follows:

"Judges and magistrates shall receive for their services salaries provided by law. The salaries of judges shall not be diminished during their respective terms of office. Judicial officers may be paid such actual and necessary expenses as may be

provided by law. All salaries and expenses shall be paid by the State, except that judges of the Appellate Court for the First District and circuit and associate judges and magistrates of the Circuit Court of Cook County shall receive such additional compensation from the county as may be provided by law."

The salary "provided by law" pursuant to Sec. 17 for hold-over magistrates is set forth as follows in the Ch. 53, Secs. 8.1 through 8.3, Ill.Rev.Stat., 1963:

"8.1. For the remainder of his term each police magistrate or justice of the peace who becomes a magistrate of the circuit court pursuant to Paragraph 4 (e) of the Schedule of Article VI of the Illinois Constitution shall be paid out of the State Treasury a salary at the annual rate, which immediately prior to January 1, 1964, was payable to him by the County in case of a justice of the peace, or by the municipality in the case of a police magistrate.

"8.2. The municipal treasurer in the case of a police magistrate and the county treasurer in the case of a justice of the peace shall, on or before November 1, 1963, certify to the Auditor of Public Accounts the name and annual salary being paid to any such police magistrate or justice of the peace.

"8.3. The provisions of Sec. 1 of this Act shall take effect on January 1, 1964. The provisions of Sec. 2 shall take effect upon the approval of this Act by the Governor."

With reference to Sec. 8.2, the following was stipulated by claimant and respondent:

"That on October 29, 1963, the controller of the City of Berwyn, Theodore F. Kozak, did mail to the Auditor of Public Accounts, Springfield, Illinois, a certification as follows:

"This is to certify that prior to January 1, 1964, the salary of Judge Robert F. Jerrick, of the City of Berwyn, Illinois, was $8,400.00 per annum."

Notwithstanding the above stipulation, the State of Illinois paid claimant during the remainder of his unexpired term from January 1, 1964, to April 10, 1967, a salary at the annual rate of $5,000.00 or $416.66 per month.

Claimant cashed the pay checks as received, but did so under protest. He voiced his protests in writing by letters to the Supreme Court Administrative Office and to the Auditor of Public Accounts, Michael J. Howlett. Claimant contended that he was not being paid the salary due him under the above quoted Ch. 53, Sec. 8.1, Ill.Rev.Stat., 1963; that "the annual rate, which immediately prior to January 1, 1964, was payable to him" by the City of Berwyn was $8,400 or $700.00 per month.

It seems to us that claimant's contention is justified by the plain language of the statute in question. There are no ambiguous terms in the statute, which would warrant any interpretation other than literal, based on the actual words in their ordinary meaning.

The respondent contends that the "annual rate of salary payable immediately prior to January 1, 1964" should mean the amount received for the largest portion of the year; and that "immediately prior" means the November first certification date or some other date prior to December first. The plain language of the statute does not permit such construction. Rate by definition is a measure by comparing one thing to another at a given point in time. In this instance, by comparing dollars to years. "Annual rate" does not, as respondent contends, mean the rate at which claimant was actually paid for the entire year. Prior to December first, claimant was paid at the rate of $5,000.00 per year. After that date, the rate was $8,400.00 per year. This rate was established by the Berwyn City Council prior to claimant's reelection to a new term of office. Had the legislature intended the yardstick to be the average rate, it would have so stated. "Immediately prior to January 1, 1964" may encompass various periods depending upon the context of the case. In this case, the clear meaning is that increment in time, which preceded January 1, 1964, during which a rate could be determined or for which no change in rate occurred. November 1, or for that matter the last day of November, could not have been "immediately prior to January 1" because a change of rate occurred afterwards, which was still prior to January 1. Therefore, the next increment of time had to be the one immediately prior. Again, had the legislature intended November 1, instead of "immediately prior to January 1," it would have so stated.

Respondent further contends that this Court would be

warranted in finding that the action by the Berwyn City Council in raising claimant's salary just one month before the effective dates of the Judicial Article was an attempt to defraud the State. This is a serious charge. Improper motives, bad faith, or a purpose to disregard sound public policy must not be attributed to any lawmaking power except on the most cogent evidence. *50 Am. Jur. Stats., Secs. 381, 382, 383.* Respondent offered absolutely no evidence to support its charge of an intent on the part of the Berwyn City Council to defraud the State. How, then, can it ask this Court to indulge in such a presumption?

It is the duty of the courts to impute proper motives to those who exercise legislative power. In this case, claimant offered a plausible explanation for the action of the Berwyn City Council based on economic considerations.

We find that, by virtue of the ordinance of the City of Berwyn, passed on March 26, 1963, and approved March 28, 1963, the plain language of Ch. 53, Sec. 8.1, Ill.Rev.Stat, 1963, requires a determination that $8,400.00 was the annual rate, which was payable to claimant immediately prior to January 1, 1964, by the municipality.

He is, therefore, entitled to recover the sum of $11,094.26, being the amount of the difference in the salary he received, and that which he should have received from January 1, 1964, to April 10, 1967.

The claimant, Robert J. Jerrick, is hereby awarded the sum of $11,094.26.